Filed 5/20/22  P. v. Fuentes CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B316821 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A197745) |
| v. | |
| JOSE LEON FUENTES, | |
| Defendant and Appellant. | |

THE COURT:

Jose Leon Fuentes (defendant) appeals the trial court's denial of his motion for relief under Penal Code section 1170.95.[1]

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

Defendant's attorney filed a brief raising no issues and asked this court to independently review the record. Having conducted our own examination of the record, we are satisfied that no arguable issue exists which would call into question defendant's ineligibility for resentencing relief under section 1170.95. We accordingly affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

I.  **Facts**

A.  *The underlying crime*

On the afternoon of December 1, 1980, defendant and an accomplice approached a Brinks guard as he left a department store carrying approximately $85,000 in a Brinks bag. Each defendant and his accomplice was armed with a gun. The Brinks guard was shot, and died from the resulting wounds. Later analysis determined that the gun left at the scene by the accomplice was never fired. However, ballistics tests indicated that the bullets found in the guard's body had been fired from the gun found beside defendant at the time defendant was arrested.

B.  *Conviction and appeal*

In 1981, a jury convicted defendant of first degree murder with a finding that the murder was committed while defendant was engaged in the commission of an attempted robbery (§§ 187, subd. (a), 189, 190.2, subd. (a)(17)(i)), attempted robbery (§§ 664, 211), and unlawful driving or taking a motor vehicle (Veh. Code, § 10851). It also found true the allegation that defendant personally used a firearm in the commission of the attempted robbery and the murder (§ 12022.5). (*People v. Fuentes* (1985) 40 Cal.3d 629, 633.) The jury fixed the penalty at death and the trial court imposed that sentence. On direct appeal to the California Supreme Court, the conviction was affirmed, but the

special circumstance finding and death penalty were reversed,[2] and the matter was remanded for a new trial on the special circumstance. (*People v. Fuentes*, at p. 642.)

### C. *Retrial and appeal*

Upon retrial, the jury found the special circumstance true and recommended the death penalty, which was again imposed. Once more, on direct appeal, the California Supreme Court set aside the special circumstance finding and reversed the death penalty.[3] (*People v. Fuentes* (1991) 54 Cal.3d 707, 721.)

### D. *Second retrial and appeal*

In 1993, following a second retrial, the jury again found the special circumstance allegation true, specifically finding that the murder was committed while defendant was engaged in attempted robbery, and that defendant was the actual killer. The trial court sentenced defendant to state prison for life without possibility of parole, with a concurrent two-year term for the vehicle offense. Defendant appealed, and a prior panel of this division of the Court of Appeal affirmed the judgment. (*People v. Fuentes* (Jan. 25, 1994, B075252) [nonpub. opn.].)

## II. Procedural Background

On March 23, 2021, defendant filed a petition for

---

[2] The trial court did not explicitly instruct the jury that it had to find an intent to kill if it believed that defendant was the actual killer. This omission was error under *Carlos* v. *Superior Court* (1983) 35 Cal.3d 131.

[3] The trial court failed to carefully evaluate whether the prosecutor's explanations were valid as to each excused Black prospective juror, which denied defendant his right to trial by a jury drawn from a representative cross-section of the community (Cal. Const., art. I, § 16).

3

resentencing under section 1170.95.  In the petition, defendant alleged that he was not the actual killer, that he did not aid and abet the actual killer with the intent to kill, and that he was not a major participant in the underlying crime and did not act with reckless indifference to human life.  He also requested counsel.

The People filed an opposition arguing that because defendant was the actual killer he was ineligible for section 1170.95 resentencing.  The response in opposition attached a copy of this court's opinion affirming the judgment, *People v. Fuentes*, *supra*, B075252, and the jury's 1993 true finding on the special circumstance.

The trial court denied defendant's petition. The court found that defendant was not entitled to relief as a matter of law because a jury had "found him guilty of first degree murder and personal use of a firearm" and found "he is the actual killer."

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed appellate counsel for defendant.  Citing *People v. Wende* (1979) 25 Cal.3d 436 *(Wende),* counsel filed an opening brief setting out the procedural history of this case, and a declaration indicating that counsel had "reviewed the entire record," had found no "arguable issues to raise on appeal" and had informed defendant "of his right to file a supplemental brief."

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  However, we do review any contentions or

4

arguments made if the defendant files his or her own supplemental brief or letter. (*People v. Cole*, at p. 1039.)

We notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter setting forth any grounds for appeal, contentions, or arguments he might wish to have considered. To date, no such brief or letter has been filed.

Because neither defendant nor appellate counsel identified an issue warranting reversal, we may treat the appeal as abandoned. (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040.) Although we have concluded, consistent with *Cole*, that dismissal is appropriate without more, we are mindful that our Supreme Court is currently deciding whether such a dismissal is appropriate or whether a further, independent examination of the record is instead required. (See *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) In an abundance of caution, we have independently examined the entire record and are satisfied that defendant's appellate counsel has fully complied with their responsibilities and that no arguable issues exist. (*Wende*, *supra*, at pp. 441-443.)

A person is entitled to relief under section 1170.95 if, as a threshold matter, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of . . . first degree murder following a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) A person may be convicted of murder, even after the 2019 changes to sections 188 and 189, if he "was the actual killer." (§ 189, subd. (e)(1).)

Although defendant in his petition alleged each element necessary to make a prima facie case for relief under section 1170.95, the trial court is not required to accept those allegations at face value and may also examine the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-972.)  If the record of conviction "'contain[s] facts refuting the allegations made in the petition,'" then the trial court may summarily reject the petition's allegations without conducting an evidentiary hearing.  (*Id.* at p. 971, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 979.)

Here, the trial court correctly concluded that defendant did not make out a prima facie case for relief because the record of conviction establishes, as a matter of law, that he is not eligible for relief.  Although defendant did not act alone, the jury's specific finding that he was the actual killer following his second retrial in 1993 necessarily constitutes a finding that *he* committed the murder.

### DISPOSITION

The order is affirmed.

_____

LUI , P. J.,        ASHMANN-GERST, J.,        HOFFSTADT, J.

6